IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01814-WYD-MEH

COBBLER NEVADA, LLC,

      Plaintiff,

v.

DOES 1-31,

      Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on October 8, 2015**.

      The Motion to Quash or Modify Subpoena and Motion to Dismiss filed by Defendant "J.D" [filed October 7, 2015; docket #14] is **denied without prejudice** for the following reasons.

      First, J.D. has failed to comply with Fed. R. Civ. P. 11(a), which states in pertinent part,

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number.

From the content of the present motion, the Court infers that J.D. seeks to proceed in this litigation anonymously. However, he has failed to properly seek permission from the Court to do so. *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment"). Therefore, if J.D. wishes to re-file his motion in accordance with this order and all applicable local and federal court rules, he may do so **on or before October 22, 2015** and must first (or contemporaneously) file a motion to proceed anonymously in accordance with Rule 11(a). With such filing, J.D. must provide to the Court his name, address, telephone number and email address in the form of a separate written "supplement"

to the motion.[1]  If J.D. wishes to keep this supplement (containing his identifying information) confidential, he may file a motion to file the supplement under restriction pursuant to the procedure set forth in D.C. Colo. LCivR 7.2.  The Court may strike any motion or other filing that deviates from the requirements of this order or from those set forth in the applicable local or federal rules.

Next, due to its varied requests for relief, adjudication of the single motion will likely require different standards of review and legal analyses of both dispositive and non-dispositive issues.  In the interests of judicial efficiency and the proper management of its docket, the Court instructs J.D. that if he chooses to re-file, his requests for relief each must be made in <u>separate</u> motions, as applicable.  *See* D.C. Colo. LCivR 7.1(d) ("A motion shall be made in a separate paper.")

Finally, the Court notes that J.D. failed to file with his motion a copy of the challenged subpoena.  Therefore, if J.D. chooses to re-file his motion to quash, he is instructed to file a copy of the challenged subpoena with the motion.

---

[1] In addition to compliance with Rule 11, the Court also notes the necessity of having such information for the proper and efficient management of its docket.